IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL R. BLOWERS, JR., )
        Plaintiff, )
)
-vs- )   Civil Action No. 18-205
)
ANDREW M. SAUL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for supplemental security income ("SSI") pursuant to the Social Security Act. Plaintiff filed his application alleging he had been disabled since June 1, 2014. (ECF No. 8-7, p. 4). Administrative Law Judge ("ALJ"), David Romeo, held a hearing on August 30, 2017. (ECF No. 8-3). On November 24, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 16-31).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 14). The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. **Weighing of Evidence**

Plaintiff's first argument is that the ALJ erred by giving improper weight to the opinion of Dr. Jonas, a non-treating, non-examining physician. (ECF No. 12, pp. 12-18). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the

3

issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff submits that the ALJ erred in assigning great weight to the opinion of Dr. Jonas, the state agency psychological consultant. (ECF No. 12, pp. 12-18). To that end,

4

Plaintiff asserts that Dr. Jonas did not have all of Plaintiff's treatment records and evaluations. (ECF No. 12, p. 12). In accordance with the Regulations, an ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). To that end, an ALJ is entitled to rely upon the findings of an evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Here, the ALJ weighed all of Dr. Jonas' opinions in consideration with all of the evidence of record. *See,* ECF No. 8-2, pp. 16-31. After a review of the record, I find I am able to conduct a meaningful review and that the ALJ's assessment is supported by substantial evidence. *Id.* Thus, I find no error in this regard. Consequently, remand is not warranted.

Plaintiff also asserts that Dr. Jonas did not indicate the evidence he relied on in making his opinions which Plaintiff finds "troubling" in light of the evidence in support of Plaintiff's position. (ECF No. 12, p. 14). Contrary to Plaintiff's first assertion, Dr. Jonas specifically indicated the evidence he reviewed in formulating his opinion. (ECF No. 8-4, pp. 3-5). Thus, I find no merit to this assertion.

Furthermore, to be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the

5

question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

Plaintiff also takes issue with the ALJ's reliance, in part, on his activities of daily living. (ECF No. 12, p. 15). An ALJ is required to consider, *inter alia,* a plaintiff's activities of daily living in assessing the residual functional capacity (RFC).[2] *See,* Social Security Ruling 96-7p and 20 C.F.R. §§404.1529, 416.929. The ALJ will consider inconsistencies between the claimant's statements and the evidence presented in making the RFC determination. *Id.* Therefore, I find no error on the part of the ALJ in relying, *inter alia,* Plaintiff's activities of daily living.

Plaintiff next asserts that the ALJ erred in his use of the word stabilized. (ECF No. 12, pp. 15-17). In summarizing the evidence, the ALJ stated that Plaintiff "stabilized swiftly during one brief inpatient psychiatric hospitalization…." (ECF No. 8-2, pp. 26-28). After a review of the record, I find this is an appropriate characterization of the evidence and is based on substantial evidence of record indicating the same. *Id.* Furthermore, while it is true that stability does not necessarily translate into work related abilities, this is but just one of the many reasons relied upon by the ALJ in formulating Plaintiff's residual functional capacity. *Id.* Thus, I find no error in this regard and remand is not warranted on this basis.

Finally, Plaintiff seems to assert that it was error on the part of the ALJ to give little weight to Plaintiff's GAF[3] scores. An ALJ must weigh the GAF scores and discuss reasons for the

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§404.1527, 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).

[3] GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range

weight sufficiently for this court to conduct a meaningful review. I find the ALJ's discussion regarding the weight assigned to Plaintiff's various GAF scores to be valid, proper and supported by substantial evidence. (ECF No. 8-2, p. 26). Consequently, remand is not warranted on this basis.

C. **Listing 12.04**

Plaintiff argues that the ALJ erred in determining that he did not meet or equal an impairment listing. (ECF No. 12, pp. 18-19). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

Here, Plaintiff specifically argues that he meets Listing 12.04 (depressive, bipolar and related disorders).[4] (ECF No. 12, pp. 18-19). Listing 12.04 provides:

> **12.04 Depressive, bipolar and related disorders (see 12.00B3), satisfied by A and B, or A and C:**
>
> A. Medical documentation of the requirements of paragraph 1 or 2:
>     1. Depressive disorder, characterized by <u>five</u> or more of the following:

---

from 1 to 100. GAF scores are arrived at by a clinician based on his or her assessment of a patient's self-reporting. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). GAF scores do not have a direct correlation to the disability requirements and standards of the Act. *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool. *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013)*.* Nonetheless, GAF scores are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled.

[4] Plaintiff suggests that the relevant Listing 12.04 is titled "Affective Disorders." (ECF No. 12, p. 18). This is the title assigned to Listing 12.04 prior to January 1, 2017. The Mental Listings, however, were revised effective January 17, 2017. Plaintiff's hearing was August 30, 2017. As a result, the revised Listing 12.04 titled "depressive, bipolar and related disorders" applies in this case. Consequently, Plaintiff's argument based on the prior version is misplaced.

7

a. Depressed mood;
            b. Diminished interest in almost all activities;
            c. Appetite disturbance with change in weight;
            d. Sleep disturbance;
            e. Observable psychomotor agitation or retardation;
            f. Decreased energy;
            g. Feelings of guilt or worthlessness;
            h. Difficulty concentrating or thinking; or
            i. Thoughts of death or suicide.
        2. Bipolar disorder, characterized by <u>three</u> or more of the following:
            a. Pressured speech;
            b. Flight of ideas;
            c. Inflated self-esteem;
            d. Decreased need for sleep;
            e. Distractibility;
            f. Involvement in activities that have a high probability of painful consequences that are not recognized; or
            g. Increase in goal-directed activity or psychomotor agitation.

AND

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
    1. Understand, remember, or apply information (see 12.00E1).
    2. Interact with others (see 12.00E2).
    3. Concentrate, persist, or maintain pace (see 12.00E3).
    4. Adapt or manage oneself (see 12.00E4).

OR

C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
    1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); <u>and</u>
    2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R., Pt. 404, Subpt. P, Appx. 1, Listing 12.04.

In this case, Plaintiff summarily argues that he meets the requirements of parts A and B. (ECF No. 12, pp. 18-19). Again, to be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

Additionally, the entirety of Plaintiff's summary argument is based on the prior version of Listing 12.04. *See, supra* at footnote 2. Plaintiff has made no assessment of whether he meets the current and relevant version of Listing 12.04, as applied by the ALJ. (ECF No. 8-2, pp 19-22). Thus, Plaintiff's argument in this regard is also completely misplaced and insufficient to place an issue before me. Therefore, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL R. BLOWERS, JR., )
)
       Plaintiff, )
)
-vs- ) Civil Action No. 18-205
)
ANDREW M. SAUL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
       Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 27th day of January, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 11) is denied and Defendant's Motion for Summary Judgment (ECF No. 14) is granted.

                                  BY THE COURT:

                                  s/ Donetta W. Ambrose
                                  Donetta W. Ambrose
                                  United States Senior District Judge

---

[5] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.